# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 16, 2013 Session

## PHILLIP BURT v. DONALD L. MacTAVISH and BARBARA W. MacTAVISH et al.

**Appeal from the Circuit Court for Knox County**
**No. 1-555-11      Dale Workman, Judge**

---

**No. E2012-01293-COA-R3-CV-FILED-JUNE 21, 2013**

---

This case presents the issue of whether the trial court properly dismissed the Appellees, Donald and Barbara MacTavish, as parties from the lawsuit below because Plaintiff's complaint failed to state a claim upon which relief could be granted pursuant to Rule 12 of the Tennessee Rules of Civil Procedure. Phillip Burt, Plaintiff below, appeals the trial court's dismissal of all claims against Donald and Barbara MacTavish. We vacate the trial court's order granting dismissal and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Curtis W. Isabell, Clinton, Tennessee, for the appellant, Phillip Burt.

Shelley S. Breeding and Bradley L. Henry, Knoxville, Tennessee, for the appellees, Donald and Barbara MacTavish.

## OPINION

### I. Factual and Procedural Background

Mr. Burt filed a complaint on October 26, 2011, against Donald and Barbara MacTavish; Richard Cook; Tennessee Building and Moisture Analyst, Inc. ("TBMA"); Operation Reconstruction, Inc.; Realty Resource Systems, Inc.; and William Gallaher. In his complaint, Mr. Burt stated that he owns and operates a business called Cobra Stucco Retrofits and Restoration and that the MacTavishes hired him to perform repair work to their

home in Mariners Pointe subdivision in Knox County. Mr. Burt alleged that despite knowledge that their home had water intrusion around the windows, the MacTavishes, against Mr. Burt's advice, elected to make repairs without replacing the windows. Mr. Burt also stated that the MacTavishes later hired Mr. Cook and his company, TBMA, to conduct a stucco follow-up report on their home. According to Mr. Burt, Mr. Cook and TBMA opined in said report that the remedial work done by Mr. Burt was substandard.

Mr. Burt further averred in his complaint that the MacTavishes then hired Defendant Operation Reconstruction, Inc., to replace the windows in their home and perform other repairs to remedy the alleged substandard work performed by Mr. Burt. As claimed by Mr. Burt, Operation Reconstruction told the MacTavishes that their work confirmed the findings of Mr. Cook and TBMA. Mr. Burt alleged that Donald and Barbara MacTavish, Richard Cook, TBMA, and Operation Reconstruction:

> [I]n April and May 2011 told several neighbors of Donald and Barbara MacTavish at Mariners Pointe Subdivision that Cobra Stucco Retrofits and Restoration and Phillip Burt's work was substandard in an attempt to convince the neighbors not to allow Phillip Burt to perform any work that was needed at their homes.

Mr. Burt also alleged that Mr. MacTavish was the President of the Mariners Pointe Homeowners Board and in that capacity, met with Mr. Gallaher and other agents of Realty Resource Systems, Inc., regarding Mr. Burt and his business on May 3, 2011.

On May 3, 2011, an employee of Realty Resource Systems, Inc., sent an email to all property owners in the Mariners Pointe subdivision. This communication included a quote from Bill Gallaher, stating, "This email is to inform you that Cobra Stucco is no longer on the approved list of vendors for Mariners Pointe homeowners, due to issues that have arisen in the neighborhood concerning their work." Mr. Burt asserted in his complaint that the statements made to Mariners Pointe homeowners by defendants and in the email referenced above were "false, incorrect, misleading, untrue and defamatory of the character and reputation of the Plaintiff," and that the statements were made with knowledge, reckless disregard, or negligence regarding the truth thereof. According to the pleadings, the statements were made with knowledge that these neighbors had either received quotes for repair work from or had repair work done by Mr. Burt, and were made with the intent to cause the other homeowners to refuse to do business with Mr. Burt. Mr. Burt claimed that he was damaged thereby.

Answers and motions were filed by various defendants, including motions seeking dismissal pursuant to Tennessee Rule of Civil Procedure 12 for failure to state a claim upon

which relief could be granted. The MacTavishes filed a motion seeking sanctions pursuant to Rule 11 of the Tennessee Rules of Civil Procedure. In their motion, the MacTavishes asserted that they had a prior lawsuit pending against Mr. Burt in Knox County Circuit Court, which case was assigned the docket number 1-130-11. According to the motion, Mr. Burt filed an answer and counter-complaint in the previous lawsuit, which contained the same allegations that the MacTavishes had made defamatory statements to neighbors and others as were made in the present lawsuit. The MacTavishes further asserted that their attorney had sent a letter to Mr. Burt's attorney regarding the duplicate claims pursuant to Tennessee Rule of Civil Procedure 11.03. A copy of the letter was attached to their motion. The MacTavishes never filed a motion seeking dismissal pursuant to Tennessee Rule of Civil Procedure 12.

Following a hearing on March 30, 2012, the trial court found that Mr. Burt's counsel violated Rule 11 by filing identical causes of action regarding defamation and that the MacTavishes were therefore entitled to recover their costs incurred in the present lawsuit until such time as Mr. Burt's counsel dismissed the defamation claims in the present action. The court noted that it would hear proof on those costs on May 4, 2012.

At the May 4, 2012 hearing, the trial court heard various discovery motions, after which counsel for the MacTavishes raised the issue of costs pursuant to the grant of their Rule 11 motion. The court questioned counsel regarding whether the defamation claims against the MacTavishes had been dismissed, and Mr. Burt's counsel replied that he had dismissed his counter-complaint in the prior lawsuit and "kept them in this one." The court then ruled that the MacTavishes would be dismissed as parties from the present action. The court explained that in this case:

> [Y]ou [counsel for Mr. Burt] filed a separate libel and slander case and sued them again, still with your counter-complaint pleading in the first case. And I told you you couldn't do that, and now you want to leave them in the second case. All right. To my knowledge, your pleadings never alleged his clients said anything. You alleged the statements were made by the other defendants. If you're alleging something separate as to his client, that's not alleged against them, I haven't seen it yet. The court dismisses them from the second case as a defendant.
>
> . . .
>
> Counsel, I'm going to agree with you, they're not in that case, you've nonsuited in the libel case, but here in this case, I'm ruling in this case that there's nothing in the pleadings that sets forth a short and plain statement of

the facts showing the MacTavishes either libel[ed] or slandered your clients. Under Rule 54, dismissing your counterclaim based on that.

The court subsequently entered a written order memorializing its ruling, which provided in relevant part:

> [T]he Court finds that the Plaintiff brought the same claims against Defendants Donald L. MacTavish and Barbara W. MacTavish in this cause and in the cause styled *Donald L. MacTavish and Barbara W. MacTavish vs. William E. Long, et al,* Knox County Circuit Court No. 1-130-11, has not made a short and plain statement of facts alleging that said Defendants libeled or slandered the Plaintiff, and the Court therefore finds that there is no just reason for delay in directing entry of a final judgment as to said claims.
>
> . . .
>
> The Plaintiff's action herein against Defendants Donald L. MacTavish and Barbara W. MacTavish shall be, and same hereby is, DISMISSED with full prejudice. The Court directs entry of final judgment as to said claims pursuant to T.R.C.P. 54.02, upon its specific finding that there is no just reason for delay.

Mr. Burt timely appealed.

## II. Issues Presented

The parties present the following issues for our review, which we have restated for clarity:

1. Whether the trial court erred in dismissing with prejudice Mr. Burt's claims against the MacTavishes in this matter pursuant to Tennessee Rule of Civil Procedure 11.

2. Whether the trial court erred in dismissing Mr. Burt's claims against the MacTavishes pursuant to Tennessee Rule of Civil Procedure 12 for Mr. Burt's alleged failure to make a short and plain statement of facts regarding the MacTavishes' libel or slander of Mr. Burt.

3. Whether this appeal is frivolous and the MacTavishes should be awarded their attorney's fees as a sanction.

### III. Basis for Dismissal and Standard of Review

Prior to this Court beginning its analysis of whether dismissal of all claims against the MacTavishes in this lawsuit was proper, we must determine whether the claims were dismissed pursuant to Tennessee Rule of Civil Procedure 11 or 12. Although the MacTavishes did not file a motion to dismiss pursuant to Rule 12, they did file a motion for sanctions pursuant to Rule 11. Initially, the trial court stated that because Mr. Burt's counsel violated Rule 11 by filing identical causes of action regarding defamation, the MacTavishes were entitled to recover their costs incurred in the present lawsuit until such time as Mr. Burt's counsel dismissed the defamation claims. The court did not, however, expressly dismiss those claims by its order. The court noted that it would hear proof regarding those costs on May 4, 2012.

At the hearing on May 4, the court ordered the claims against the MacTavishes dismissed upon learning that Mr. Burt had failed to dismiss them in the current action. The court explained that it was basing the dismissal on its finding that "there's nothing in the pleadings that sets forth a short and plain statement of the facts showing the MacTavishes either libel[ed] or slandered" Mr. Burt. Further, the subsequent written order is the only order of the trial court which explicitly dismissed these claims with prejudice, based on a finding that Mr. Burt had "not made a short and plain statement of facts alleging that said Defendants libeled or slandered" him.[1] Mr. Burt argues that the trial court relied on Rule 12 in dismissing these claims while the MacTavishes contend that the court's dismissal was a sanction under Rule 11. Upon a careful review of the record, we agree with Mr. Burt.

The distinction between the dismissal of claims as a sanction under Rule 11 and a Rule 12 dismissal for failure to state a claim upon which relief can be granted is significant because the standards of review related to each are markedly different. Our review of a trial court's ruling on a motion made pursuant to Rule 11 is under an abuse of discretion standard. *Hooker v. Sundquist*, 107 S.W.3d 532 (Tenn. Ct. App. 2002). As this Court has previously stated:

> Our review of Rule 11 decisions is governed under this deferential standard since the question of whether a Rule 11 violation has occurred requires the trial court to make highly fact-intensive determinations regarding the reasonableness of the attorney's conduct.

---

[1] Our Supreme Court has ruled that a trial court has the authority to dismiss claims *sua sponte* and in the absence of a motion to dismiss filed pursuant to Rule 12 when the court is of the opinion that the complaint fails to state a claim upon which relief may be granted, although such practice is not to be encouraged. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975).

*Id.* at 535. The trial court's decision under Rule 11 will not be reversed unless the decision "has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable." *Id.*

A dismissal pursuant to Tennessee Rule of Civil Procedure 12 has a significantly different standard of review. As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."

*Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002)(internal citations omitted).

Because the trial court concluded that Mr. Burt's complaint failed to state a claim upon which relief could be granted pursuant to Rule 12.02(6), we must determine whether that decision was correct using the appropriate analysis, as elucidated in *Trau-Med*. The complaint must be construed liberally, presuming all factual allegations to be true and giving Mr. Burt the benefit of all reasonable inferences. *See Id*. The claims against the MacTavishes should not be dismissed unless it appears that Mr. Burt can prove no set of facts in support of his claim that would warrant relief. *See Id*. Mr. Burt is only required to set forth a "short and plain statement of the claim," showing that he is entitled to relief. *See Id*. We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011).

## IV. Tennessee Rule of Civil Procedure 12

As our Supreme Court has explained:

To be sufficient and survive a motion to dismiss, a complaint must not be

entirely devoid of factual allegations. Tennessee courts have long interpreted Tennessee Rule of Civil Procedure 8.01 to require a plaintiff to state "'the facts upon which a claim for relief is founded.'" A complaint "need not contain detailed allegations of all the facts giving rise to the claim," but it "must contain sufficient factual allegations to articulate a claim for relief." "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level."

*Id.* at 427 (internal citations omitted).

In discussing an action for defamation in particular, the Tennessee Supreme Court has stated:

[D]efamation . . . includes both slander and libel. A libel action involves written defamation and a slander action involves spoken defamation. The basis for an action for defamation, whether it be slander or libel, is that the defamation has resulted in an injury to the person's character and reputation.

*Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.*, 876 S.W.2d 818, 820 (Tenn. 1994). Regarding the elements of such a claim, the Court has further explained:

To establish a prima facie case of defamation in Tennessee, the plaintiff must establish that: 1) a party published a statement; 2) with knowledge that the statement is false and defaming to the other; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. "Publication" is a term of art meaning the communication of defamatory matter to a third person.

*Sullivan v. Baptist Mem'l Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)(internal citations omitted).

In his amended complaint, Mr. Burt alleged, *inter alia*:

The Defendants, Donald L. MacTavish and wife, Barbara W. MacTavish, Defendants, Richard Cook, agents and/or employees of TnBMA and agents and/or employees of Operation Reconstruction, Inc. including but not limited to Jon Addington and Christopher Cook on or about April 26, 2011 through May 31, 2011 told Bill Seldom, Steve Masterman and several other neighbors of Donald and Barbara MacTavish at Mariners Pointe Subdivision, while at the individual neighbors' property or somewhere else in Mariners Pointe

Subdivision, that Cobra Stucco Retrofits and Restoration and Phillip Burt's work was substandard and that the Plaintiff had attached new wood to rotten wood in the construction of the MacTavish home in an attempt to convince the neighbors not to allow Phillip Burt to perform any work that was needed at the homes of Bill Seldom, Steve Masterman and several other neighbors of the MacTavishes living in the subdivision.

Mr. Burt also averred that the MacTavishes met with other defendants and provided information that resulted in the email sent to all Mariners Pointe homeowners. Mr. Burt alleged that these statements made by the MacTavishes to their neighbors were "false, incorrect, misleading, untrue and defamatory" and that he suffered injury therefrom. Regarding damages, Mr. Burt claimed that his injuries included "loss of business income, loss of economic opportunities, injury to Phillip Burt's reputation, his credit, his economic and social standing in the community and injury to the operation of his business." The amended complaint alleged that the statements made by the MacTavishes were made with knowledge of the falsity of the statement or reckless disregard for the truth.

In short, Mr. Burt alleged that 1) the MacTavishes published a statement, i.e., communicated a statement to a third person(s); 2) with knowledge that the statement was false and defaming to him; or 3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *See Sullivan*, 995 S.W.2d at 571. Mr. Burt also alleged that the defamatory statement resulted in an injury to his character and reputation and that he suffered an economic loss. Construing the amended complaint liberally, presuming all factual allegations to be true, and giving Mr. Burt the benefit of all reasonable inferences, as we must, this Court cannot find that Mr. Burt can prove no set of facts in support of his claims that would warrant relief. *See Trau-Med*, 71 S.W.3d at 696.

Upon our review of the record, we determine that the trial court erred in holding that Mr. Burt had not made a short and plain statement of facts alleging that the MacTavishes libeled or slandered him. Mr. Burt was not required to recite the "exact words of [the] alleged defamatory statement in order to determine whether or not they [were] actionable." *Handley v. May*, 588 S.W.2d 772 (Tenn. Ct. App. 1979). This Court has recognized that "[w]here the substance of the slanderous utterance is pled along with notice of the time and place of the utterance the defendant is apprised of the allegations that he must defend against." *Id.* at 775. The MacTavishes were able to discern from the amended complaint both the substance of the alleged defamatory utterance as well as when it allegedly occurred and to whom it was published. We conclude that the trial court's dismissal of Mr. Burt's claims pursuant to Tennessee Rule of Civil Procedure 12 was in error. Because we have determined that Mr. Burt's appeal has merit, there is no basis for an award of sanctions for frivolous appeal.

## V. Conclusion

The trial court's order dismissing Mr. Burt's claims against the MacTavishes is vacated, and the case is remanded for further action consistent with this opinion. Costs on appeal are assessed to the Appellees, Donald and Barbara MacTavish.


_____
THOMAS R. FRIERSON, II, JUDGE